Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2063 | **DATE** | 12/3/2004 |
| **CASE TITLE** | Mitchell, et al. Vs. Ryan, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. The court grants in part and denies in part defendants' motion to dismiss plaintiffs' amended complaint. Plaintiffs' claims against defendant the Office of Attorney General are dismissed with prejudice. The remainder of defendants' motion is denied. Status hearing set for 12/23/04 at 10:30am.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 0 6 2004 | |
| | Notified counsel by telephone. | | date docketed | 10 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL V. MITCHELL and | ) | **DOCKETED** |
| JOHN E. TENNIAL, | ) | |
| | ) | DEC 0 6 2004 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) 01 C 2063 | |
| | ) Judge George M. Marovich | |
| JAMES E. RYAN, THE ILLINOIS | ) | |
| ATTORNEY GENERAL, and THE OFFICE | ) | |
| OF THE ATTORNEY GENERAL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Samuel V. Mitchell ("Mitchell") and John E. Tennial ("Tennial") filed a two-count amended complaint against defendants James E. Ryan ("Ryan") (the former Illinois Attorney General) in his personal capacity and against the Office of the Attorney General.[1] Both plaintiffs filed suit pursuant to 42 U.S.C. § 1983 asserting that the defendants violated the Equal Protection Clause of the Constitution. Defendants move pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing plaintiffs' claims. For the reasons set forth below, the Court grants in part and denies in part defendants' motion. The Court dismisses with prejudice plaintiffs' claims against the Office of the Attorney General and denies the remainder of defendants' motion.

---

[1] Because plaintiffs have brought suit against Ryan, the former Attorney General of the State of Illinois, in his personal capacity, the current Attorney General, Lisa Madigan, has not been substituted pursuant to Rule 25 of the Federal Rules of Civil Procedure.

I.  **Background**

For purposes of this motion to dismiss, the Court takes as true the allegations in the amended complaint. The Court also considers the decision of the Appellate Court of Illinois referenced in plaintiffs' amended complaint and attached to defendants' motion to dismiss. The decision may be considered by the Court without converting the motion to dismiss into a motion for summary judgment because the document is referenced in the amended complaint, is relevant to plaintiffs' claims and does not require discovery to authenticate or disambiguate. *Tierney v. Vahle*, 304 F.3d 734, 739 (7th Cir. 2002).

Both plaintiffs were once employed by the Office of the Attorney General as investigators. In order to serve as a law enforcement officer (which an investigator is considered to be) in the Office of the Attorney General, one must either (a) be certified by the Illinois Law Enforcement Training and Standards Board (the "Board") as having met the training requirements or (b) have obtained from the Board a waiver of the training requirements due to prior law enforcement experience. In February 1989, the Board certified plaintiffs Mitchell and Tennial as law enforcement officers. Also in February 1989, the Office of the Attorney General hired Mitchell and Tennial as investigators.

According to the sparse allegations in the amended complaint, in October 1995, Ryan and the Office of the Attorney General "sought to discharge" plaintiffs without just cause. Specifically, Ryan and the Office of the Attorney General "sought to have the Board determine that the certifications/waivers granted to" plaintiffs and four other investigators were void. On December 12, 1995, the Board determined that the certifications/waivers granted to the plaintiffs and to the four other investigators were void ab. initio. Without a waiver or a certification, the

plaintiffs could be not employed by the Office of the Attorney General. The plaintiffs and the other four investigators filed a grievance. Ultimately, an arbitrator ordered the plaintiffs reinstated. The Office of the Attorney General filed a lawsuit seeking to overturn the arbitrator's decision.

The decision of the appellate court makes clear that the arbitrator ordered the Office of the Attorney General not only to reinstate the plaintiffs but also to request waivers on behalf of the other four investigators. The Appellate Court of Illinois concluded that the arbitrator exceeded his authority by reinstating plaintiffs but that the arbitrator did not exceed his authority in requiring the employer to request waivers for the other four investigators. Thus, the decision of the Appellate Court of Illinois required the Office of the Attorney General to request waivers on behalf of the other four investigators but was silent with respect to requesting waivers on behalf of the plaintiffs.

According to the allegations in the amended complaint, in March 2000–after the Appellate Court of Illinois issued its opinion–Ryan and the Office of the Attorney General filed requests for waivers on behalf of the other four investigators but did not file requests for waivers on behalf of plaintiffs. Plaintiffs assert that they were similarly situated to the other four investigators. Plaintiffs assert that Ryan and the Office of the Attorney General submitted requests for waivers on behalf of only those individuals they believed would not be eligible for the waivers. Plaintiffs also allege that defendants failed to request waivers for plaintiffs with "malicious intent to injure" plaintiffs "and/or to punish [them] for the exercise of constitutional rights." Plaintiffs further allege that defendants' failure to request waivers on their behalf is a

violation of their right to equal protection of the law and that defendants should have been aware of their rights based on prior court decisions.

As a remedy for the alleged equal protection violation, plaintiffs pray for, among other things, damages to compensate them for economic loss and pain and suffering and "prospective equitable relief from the ongoing violation whereby no request for waiver has been submitted on [their] behalf."

## II. Standard on a motion to dismiss

The Court may dismiss claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure where the plaintiffs fail "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Defendants also assert that the Court lacks jurisdiction over plaintiffs' claims. In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiffs' favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). On a motion to dismiss, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Cole v. U.S. Capital, Inc.*, __ F.3d __ (slip. op. at 7) (7th Cir. 2004) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III. Discussion

### A. Defendants' Rule 12(b)(1) motion.

Defendants make a number of arguments in an attempt to dismiss plaintiffs' claims. The Court first considers defendants' Federal Rule of Civil Procedure 12(b)(1) challenge to the Court's jurisdiction. Plaintiffs argue that the Court lacks jurisdiction over plaintiffs' claims pursuant to the *Rooker-Feldman* doctrine.

> The essence of the *Rooker-Feldman* doctrine is that the lower federal courts do
> not have the authority to review the judgments of the state courts even when a
> federal question is presented. The only federal court possessing such authority is
> the Supreme Court of the United States.

*Centres, Inc. v. Town of Brookfield*, 148 F.3d 699, 701 (7th Cir. 1998). A district court lacks jurisdiction over a claim if "the injury alleged by the federal plaintiff resulted from the state court judgment itself." *Id.* at 702. If, on the other hand, "the alleged injury is distinct from the state court judgment and not inextricably intertwined with it, the *Rooker-Feldman* doctrine does not apply, although the doctrines of claim and issue preclusion may be applicable." *Id.* The Seventh Circuit has suggested a guideline:

> If the federal plaintiff was the plaintiff in state court, he must contend with res
> judicata; if the federal plaintiff was the defendant in state court, he must contend
> with the *Rooker-Feldman* doctrine.

*Centres, Inc.*, 148 F.3d at 702. The theory behind the Seventh Circuit's guideline (which does not apply uniformly, as the plaintiffs in both the *Rooker* and the *Feldman* cases were plaintiffs in the state court proceedings) is that if the plaintiff files a second suit, he probably wants to *ignore* the first judgment, not upset it. *Id.* The defendant who lost at the state court, on the other hand, is asserting an injury "at the hands of the court" not "the hands of his adversary." *Id.*

In this case, the plaintiffs are not asserting an injury from the state court judgment. While it is true that the Appellate Court of Illinois ruled that the Office of the Attorney General must request waivers on behalf of the other four investigators, the opinion was silent as to whether the Office of the Attorney General must request waivers on behalf of the plaintiffs. (Defendant Ryan was not a party to the state court proceeding.) The plaintiffs are not alleging that the Appellate Court of Illinois should have ordered the Office of the Attorney General to request waivers on

behalf of the plaintiffs. Rather, plaintiffs essentially allege that defendants had a choice in March 2000 about whether or not to file waivers on plaintiffs' behalf, and defendants chose not to request the waivers. This claim is related to a state court judgment only in the sense that the state court judgment preceded the waiver decision with respect to the plaintiffs and that the state court judgment was likely a factor in defendants' alleged decision to request waivers on behalf of the other four individuals. It is clear, however, that the allegations in the amended complaint are not a challenge to the state court decision and that the plaintiffs are not alleging that their injury was caused by the state court decision. Accordingly, the *Rooker-Feldman* doctrine does not apply.

The Court has subject matter jurisdiction over plaintiffs' claims, which assert the private right of action under 42 U.S.C. § 1983 for violations of the Equal Protection Clause of the Constitution. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Thus, defendants' motion for dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure is denied.

### B. Defendants' motion for dismissal under Rule 12(b)(6)

Defendants make several other arguments to support their motion to dismiss. Defendants assert that the plaintiffs lack standing to sue, that they fail to state a claim upon which relief may be granted, that plaintiffs' claims are time-barred and that defendants are immune from suit.

#### 1. Standing

Defendants argue that the plaintiffs lack Article III standing to sue. The minimum standing requirements are: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury would be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). An "injury in fact" is "an

invasion of a legally protected interest" which is both "concrete and particularized" and "actual or imminent." *Lujan*, 504 U.S. at 560. The "party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561. On a motion to dismiss, the Court considers whether the plaintiff has adequately *alleged* facts supporting standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Here, the plaintiffs have adequately alleged facts supporting standing. Plaintiffs allege that defendants failed to request waivers on their behalf when defendants requested waivers for the other four investigators. Plaintiffs allege that during the arbitration proceeding, the Executive Director of the Board testified that he would probably grant a waiver or a certification to someone with plaintiffs' qualifications. Plaintiffs further allege that, as Ryan knew, they would lose their positions as investigators if they were not granted waivers. Although the actual facts may be somewhat different than those alleged in the complaint, the plaintiffs have pleaded a sufficient injury, and that is all that is required at this stage.

### 2. Failure to state a claim

Defendants also argue that plaintiffs have failed to state an equal protection claim. The Fourteenth Amendment to the Constitution provides, in relevant part, "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." Pursuant to 42 U.S.C. § 1983, individuals have a private right of action for violations of the Fourteenth Amendment. Typically, a plaintiff alleges an equal protection claim by alleging disparate treatment based on membership in a protected class, such as race, gender or religion. *See McDonald v. Village of Winnetka*, 371 F.3d 992, 1002 n. 3 (7th Cir. 2004). Alternatively, an individual can bring an equal protection claim as a member of a "class of one." *Id.* at 1001. To state an equal protection

claim based on a class of one, one must allege: (1) that "he has been intentionally treated differently from others similarly situated"; and (2) that "there is no rational basis for the difference in treatment or the cause of the differential treatment is a 'totally illegitimate animus' toward the plaintiff by the defendant." *McDonald*, 371 F.3d at 1001.

In this case, the plaintiffs have plead a sufficient claim for equal protection based on a class of one. Plaintiffs allege that they were similarly situated to four other investigators and were treated differently, in that the defendants requested waivers on behalf of the other four investigators but did not request waivers on plaintiffs' behalf. Plaintiffs further allege that defendants so failed to request a waiver on their behalf "with malicious intent to injure" plaintiffs "and/or punish [them] for the exercise of constitutional rights." Although the Seventh Circuit recognizes the difficultly of *proving* an equal protection claim based on a class of one, these plaintiffs have sufficiently *plead* such a claim.

Defendants also argue that the claims against Ryan should be dismissed because Ryan was not personally involved with the issues alleged in plaintiffs' amended complaint. As defendants point out, liability under § 1983 "does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Sheik-Abdi v. McClellon*, 37 F.3d 1240, 1248 (7th Cir. 1994)). Plaintiffs, however, have alleged that Ryan took the complained-of action. Accordingly, while proof that Ryan was not involved may warrant judgment (even summary judgment) for Ryan on the merits, plaintiffs have put forth sufficient allegations to prevent dismissal on this issue at the pleadings stage.

### 3. Statute of limitations

Defendants next argue that plaintiffs' § 1983 claims are time-barred. Because § 1983 does not contain a statute of limitations, federal courts adopt the forum state's statute of limitations for personal injury suits. *Ashafa v. City of Chi.*, 146 F.3d 459, 461 (7th Cir. 1998) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). The applicable statute of limitations in Illinois is two years. *Ashafa*, 146 F.3d at 462.

It is clear that plaintiffs cannot bring any claims arising out of the 1995 discharge, because plaintiffs filed this suit more than two years after those events. Accordingly, in this suit, plaintiffs cannot recover any back pay or other damages or obtain any equitable relief resulting from the 1995 discharge.

Defendants argue that the March 2000 failure to request waivers on behalf of plaintiffs was simply a lingering effect of the 1995 discharge and, as such, is time-barred as well. *Cf. Dasgupta v. University of Wis. Bd. of Regents*, 121 F.3d 1138, 1140 (7th Cir. 1997) ("an untimely Title VII suit cannot be revived by pointing to effects within the limitations period of unlawful acts that occurred earlier."). Defendants' actions in March 2000 (their alleged failure to request waivers on behalf of plaintiffs when they requested waivers on behalf of the four other investigators) are alleged as separate acts, not lingering effects of the previous discharge. Any allegations that plaintiffs were suffering continued unemployment or even that defendants had continued to fail to request waivers on their behalf–in absence of allegations that they requested waivers on behalf of other similarly situated individuals–might be considered lingering effects. But where, as here, plaintiffs allege that defendants took an action within the limitations period with respect to other, similarly-situated individuals and failed to take the same action with

respect to plaintiffs for reasons that violate the Constitution, the cause of action for such inaction accrued within the limitations period.

### 4. Immunity

Next, defendants argue that they are immune from plaintiffs' claims due to the Eleventh Amendment to the Constitution and that Ryan is entitled to qualified immunity from plaintiffs' claims.

The Eleventh Amendment to the Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Eleventh Amendment prohibits suits by a State's own citizens as well. The Supreme Court has explained:

> It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. (Internal citations omitted.) This jurisdictional bar applies regardless of the nature of the relief requested.

*Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983). The Eleventh Amendment does not, however, prohibit a suit against a state official if the suit is brought either (a) against the state official in his personal capacity or (b) against the state official in his official capacity where the requirements of *Ex Parte Young* are met. *Hafer v. Melo*, 502 U.S. 21, 30-31(1991).

In this case, plaintiffs have brought suit against Ryan in his personal capacity. Thus, the Eleventh Amendment does not provide Ryan immunity from plaintiffs' claims. Plaintiffs also bring suit against the Office of the Attorney General (of Illinois). The Office of the Attorney

General is an agency of the State of Illinois (and plaintiffs make no allegations to the contrary). The claims against the Office of the Attorney General are barred by the Eleventh Amendment, and plaintiffs' claims against the Office of the Attorney General are dismissed with prejudice.

Finally, defendants assert that the claims against Ryan must be dismissed because he is entitled to qualified immunity from the claims. Qualified immunity is an affirmative defense and is generally not an issue on which it is appropriate to dismiss a claim pursuant to Fed.R.Civ.P. 12(b)(6). As the Seventh Circuit has explained:

> Because an immunity defense usually depends on the facts of the case, dismissal at the pleading stage is inappropriate: '[T]he plaintiff is not required initially to plead factual allegations that anticipate and overcome a defense of qualified immunity.' ... 'Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground for dismissal . . . and when defendants do assert immunity it is essential to consider facts in addition to those in the complaint.'

*Alvarado v. Litscher*, 267 F.3d 648, 651-652 (7th Cir. 2001) (citing *Jacobs v. City of Chi.*, 215 F.3d 758 (7th Cir. 2000)). In any case, plaintiffs allege both a violation of equal protection and that defendants should have been aware of plaintiffs' rights to equal protection based on prior court decisions. Accordingly, at this stage, the Court declines to dismiss the claims against Ryan on the grounds of qualified immunity.

## IV. Conclusion

For the reasons set forth above, the Court grants in part and denies in part defendants' motion to dismiss plaintiffs' amended complaint. Plaintiffs' claims against defendant the Office of the Attorney General are dismissed with prejudice. The remainder of defendants' motion is denied.

ENTER:

George M. Marovich
United States District Judge

DATED: 12/2/04