UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL V. MITCHELL and | ) | |
| JOHN E. TENNIAL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 01 C 2063 |
| | ) | Judge George M. Marovich |
| JAMES E. RYAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Samuel V. Mitchell ("Mitchell") and John E. Tennial ("Tennial") filed a two-count amended complaint (each plaintiff brings one claim) against James E. Ryan ("Ryan") (the former Illinois Attorney General) in his personal capacity and against the Office of the Attorney General. The claims against the Office of the Attorney General have been dismissed. In what remains of the case, each plaintiff asserts that Ryan is liable under 42 U.S.C. § 1983 for violating rights plaintiffs are entitled to under the Equal Protection Clause of the United States Constitution. Ryan has moved for summary judgment. For the reasons set forth below, the Court grants defendant's motion for summary judgment.

## I.  Background

The following facts are undisputed unless otherwise noted.[1]

---

[1]Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. As the Court notes on its website (and has mentioned in multiple opinions), the Court enforces Local Rule 56.1 strictly. Where one party supports a fact with admissible evidence and the other party denies the fact without citation to admissible evidence, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004).

Defendant Ryan was the Attorney General for the State of Illinois from 1995 to 2002. The Attorney General is the Chief Law Enforcement Officer for the State of Illinois. Among other things, the Attorney General is responsible for enforcing particular statutes and investigating any alleged violations of those statutes. To that end, the Attorney General's Office employs investigators. Plaintiffs Mitchell and Tennial were once employed by the Office of the Attorney General as investigators, Mitchell from December 3, 1979 to October 31, 1995 and Tennial from April 21, 1986 to October 31, 1995. By statute, in order to serve as an investigator for the Attorney General's office, one must either have "complete[d] the basic police training course mandated and approved by the Illinois Law Enforcement Training and Standards Board" or have had the training requirement waived by the Illinois Law Enforcement Training and Standards Board.

When Ryan took office in 1995, he sought to professionalize the investigations staff and to ensure that the investigators could handle complex criminal investigations. To that end, Ryan's Deputy Chief reviewed the training history of the investigators and concluded that seventeen of the 32 investigators lacked the proper training. Someone (it is not clear from the record who) informed the seventeen investigators that their police powers were being suspended until they became properly certified by attending a training academy. Fifteen of the seventeen were scheduled for law enforcement training in the fall of 1995. Of the two who were not scheduled for training, one was on disability leave and the other was about to retire.

Not all of the fifteen investigators scheduled for training actually went through the program. Nine completed the training. Six, including plaintiffs Mitchell and Tennial, failed to complete the training. Tennial failed the preliminary physical fitness test, and Mitchell, among

others, provided a medical reason for not taking the preliminary physical fitness test.  In October 1995, the six investigators who had not completed the required training, including Tennial and Mitchell, were discharged from their positions as investigators.

The 1995 discharge of Mitchell and Tennial is not at issue in this case.  The discharges were the subject of an arbitration proceeding.  Events that occurred after the arbitration are relevant to this case, so a brief overview of the arbitration is necessary to understand the issues in this case.  The six discharged investigators filed a grievance, which proceeded to arbitration.  The arbitrator (1) ordered Mitchell and Tennial reinstated and (2) ordered the Attorney General's office to submit waiver requests on behalf of the other four investigators.  The Attorney General's office challenged the arbitrator's decision in the Circuit Court of Cook County, which ultimately overturned the arbitrator's award.  The investigators appealed.  The Appellate Court affirmed in part and reversed in part, (1) concluding that the arbitrator exceeded his authority in ordering the reinstatements of Mitchell and Tennial; and (2) upholding the portion of the arbitrator's decision that had ordered the Attorney General's office to request waivers on behalf of the other four investigators.  The investigators petitioned for rehearing.  On June 10, 1999, the Appellate Court denied the request and issued an order, in which it again : (1) concluded that the arbitrator exceeded his authority in ordering the reinstatements of Mitchell and Tennial; and (2) upheld the portion of the arbitrator's decision that had ordered the Attorney General's office to request waivers on behalf of the other four investigators.  The Appellate Court added that the "arbitrator can order the employer to submit waiver applications on behalf of Tennial and Mitchell."  The Appellate Court did not order the Attorney General's office to submit waiver

requests on behalf of Mitchell and Tennial. The record contains no evidence that an arbitrator ever ordered the Attorney General's office to request waivers on behalf of Mitchell or Tennial.

After the mandate issued, on July 27, 1999, Ryan's Deputy Attorney General submitted a request for waivers for those four investigators on whose behalf the Appellate Court ordered the Attorney General's office to request waivers. The Attorney General's office did not request waivers on behalf of Mitchell and Tennial. Mitchell and Tennial had the same job description and responsibilities as the other four investigators. Ryan's reasons for not requesting waivers for Mitchell and Tennial were that he thought they were not qualified and that the Appellate Court had not ordered the Attorney General's office to request waivers for them.

Plaintiffs allege that Ryan's July 1999 failure to request waivers on behalf of Mitchell and Tennial violated their constitutional right to equal protection of the laws. Defendant moves for summary judgment.

## II.    Standard on a motion for summary judgment

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III.  Discussion

The Fourteenth Amendment to the Constitution provides, in relevant part, "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."  Pursuant to 42 U.S.C. § 1983, individuals have a private right of action for violations of the Fourteenth Amendment.  Typically, a plaintiff alleges an equal protection claim by alleging disparate treatment based on membership in a protected class, such as race, gender or religion.  *See McDonald v. Village of Winnetka*, 371 F.3d 992, 1002 n. 3 (7th Cir. 2004).

Alternatively, an individual can bring an equal protection claim as a member of a "class of one."  *Id.* at 1001.  To prevail on an equal protection claim based on a class of one, one must establish: (1) that he was "intentionally treated differently from others similarly situated and that there is no rational basis for that treatment"; or (2) "that the government is treating similarly situated individuals differently because of a 'totally illegitimate animus' for the plaintiff."  *Aida Food and Liquor, Inc. v. City of Chi.*, 439 F.3d 397, 402-403 (7th Cir. 2006).  The Seventh Circuit strictly applies the "similarly situated" requirement in order "not to constitutionalize all tort law nor transform every claim for improper provision of municipal services or for improper conduct of an investigation with them into a federal case."  *McDonald*, 371 F.3d at 1001.  To prevail, the plaintiff must "negative any reasonably conceivable state of facts that could provide a rational explanation for the classification."  *Lauth v. McCollum*, 424 F.3d 631, 634 (7th Cir. 2005) (quoting *Board of Trustees v. Garrett*, 531 U.S. 356, 367 (2001)).

These cases make clear that a "class of one" equal protection claim is difficult to prove, and plaintiffs have not met their burden here.  Although the plaintiffs and the four investigators on whose behalf the Attorney General's office requested waivers were similar with respect to job

-5-

descriptions and responsibilities, they were different in one very important (and dispositive) way: the Attorney General's office was under a court order to request waivers for the other four individuals but not for Mitchell and Tennial. Nor have plaintiffs put forth any evidence that Ryan treated them with animus. To the contrary, the plaintiffs put forth evidence that one of Ryan's reasons for not requesting waivers on their behalf was the fact that the court did not order that waivers be requested for Mitchell and Tennial. (Plaintiffs' Statement of Additional Facts ¶ 60). Plaintiffs have put forth no evidence to negative this entirely rational explanation for the difference in treatment between Mitchell and Tennial, on the one hand, and the other four investigators, on the other.

Plaintiffs have failed to put forth sufficient evidence from which a reasonable jury could return a verdict in their favor. Defendant is entitled to judgment as a matter of law, and the Court grants summary judgment to defendant on all counts.

## IV. <u>Conclusion</u>

For the reasons set forth above, the Court grants defendant's motion for summary judgment on all counts.

ENTER:

*George M. Marovich*

George M. Marovich
United States District Judge

DATED:04/07/06